## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| MST NUSHRAT JAHAN | : | |
| 38 ERNA COURT | : | |
| UPPER DARBY, PA 19082 | : | **JURY TRIAL DEMANDED** |
| and | : | |
| SHAHIN ALAM | : | |
| 38 ERNA COURT | : | |
| UPPER DARBY, PA 19082 | : | |
| and | : | |
| ARIYAN JAIN, A MINOR BY AND | : | |
| THROUGH HIS PARENTS | : | |
| AND NATURAL GUARDIANS | : | |
| 38 ERNA COURT | : | |
| UPPER DARBY, PA 19082 | : | |
| and | : | |
| AYRA RAISA, A MINOR BY AND | : | |
| THROUGH HER PARENTS | : | |
| AND NATURAL GUARDIANS | : | |
| 38 ERNA COURT | : | |
| UPPER DARBY, PA 19082 | : | |
| **Plaintiffs** | : | |
| v. | : | **No.** |
| | : | |
| UPPER DARBY TOWNSHIP | : | |
| 100 GARRETT ROAD | : | |
| UPPER DARBY, PA 19082 | : | |
| and | : | |
| MILLBOURNE BOROUGH | : | |
| 9 PARK AVE | : | |
| MILLBOURNE, PA 19082 | : | |
| and | : | |
| POLICE OFFICER NICOLA DEPALLO | : | |
| MILLBOURNE POLICE DEPT. | : | |
| 11 PARK AVENUE | : | |
| MILLBOURNE, PA 19082 | : | |
| and | : | |
| POLICE OFFICER MICHAEL DEHORATIUS | : | |
| UPPER DARBY POLICE DEPT. | : | |
| 7236 WEST CHESTER PIKE | : | |
| UPPER DARBY PA. 19082 | : | |
| and | : | |

POLICE OFFICER MARK BIANCHI          :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER STEPHEN FORD          :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER DEAN DICRESCENZA      :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER MATTHEW TERRY         :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER JACOB DANIELS         :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER THOMAS SHARP          :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER DAN CONNELL           :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICER MICHAEL DOCKERY       :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      and                         :
POLICE OFFICERS JOHN DOE 1 – 3       :
7236 WEST CHESTER PIKE               :
UPPER DARBY PA. 19082                :
      **Defendants** :

## PLAINTIFF'S COMPLAINT

### I.    INTRODUCTION

1. Plaintiffs bring this civil action for damages pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants as a result of the individual Defendants

forcibly entering Plaintiffs' home without knocking and announcing, without a warrant and using excessive force against Plaintiffs without any provocation while in their home, as well as, the Township's failure to enforce a policy or training that would have prevented these violations of Plaintiffs' rights.

## II.    JURISDICTION AND VENUE

2.  This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§1331 and 1343.

3.  Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in the Upper Darby Township, Delaware County, Pennsylvania, which are situated in the Eastern District of Pennsylvania.

## III.    PARTIES

4.  Plaintiff, Mst Rushtan Jahan is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned. Ms. Jahan is the wife of co-Plaintiff, Shahin Alam and the mother to her children Ariyan (5 years old) and Reisa (3 years old). Ms. Jahan and her husband reside in a duplex with and care for Mr. Alam's parents.

5.  Plaintiff Shahin Alam is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned. Mr. Alam is the husband of co-Plaintiff Mst Rushtan Jahan and the father to his children Ariyan (5 years old) and

Reisa (3 years old). Mr. Alam and his wife reside in a duplex with and care for his elderly parents.

6. Plaintiff, Ariyan Jain, is a minor child citizen and resident of the Commonwealth of Pennsylvania, residing with his parents as captioned

7. Plaintiff, Ayra Raisa, is a minor child citizen and resident of the Commonwealth of Pennsylvania, residing with her parents as captioned

8. Defendant, Millbourne Borough, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

9. Defendant, Upper Darby Township, is a municipal corporation organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

10. Defendant, Police Officer Nicola DePallo, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Millbourne Borough Police Department and is being sued in his individual and official capacities. Officer DePallo responded with Upper Darby Police Officers DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery, and the John Doe Upper Darby Officers at all relevant times in this matter.

11. Defendant, Police Officer Michael DeHoratius, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby

Township Police Department and is being sued in his individual and official capacities.

12. Defendant, Police Officer Mark Bianchi, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

13. Defendant, Police Officer Stephen Ford, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

14. Defendant, Police Officer Dean DiCrescenza, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

15. Defendant, Police Officer Mathew Terry, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

16. Defendant, Police Officer Jacob Daniels, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

17. Defendant, Police Officer Thomas Sharp, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

18. Defendant, Police Officer Dan Connell, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

19. Defendant, Police Officer Michael Dockery, is an adult citizen believed to be a resident of the Commonwealth of Pennsylvania who, at all relevant times, was employed as a law enforcement officer by the Upper Darby Township Police Department and is being sued in his individual and official capacities.

20. At all relevant times, Defendants Police Officers John Doe 1–3 are adult citizens believed to be residents of the Commonwealth of Pennsylvania, who were employed as a law enforcement officers by either the Upper Darby Township Police Department or the Millbourne Borough Police Department. They are sued in their individual and official capacities.

21. At all relevant times, the Individual Police Officer Defendants identified above were acting in the course and scope of their employment and under color of state law.

22. At all relevant times, Defendant Millbourne Borough acted or failed to act by and through their officers, agents, servants, and/or employees, then and there

acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Upper Darby Township and/or the Upper Darby Township Police Department including, but not limited to, the named individual Defendants.

23. At all relevant times, Defendant Upper Darby Township acted or failed to act by and through their officers, agents, servants, and/or employees, then and there acting within the course and scope of their agency, servanthood, and/or employment, and pursuant to the policies, practices, and customs of Defendant Upper Darby Township and/or the Upper Darby Township Police Department including, but not limited to, the named individual Defendants.

## IV.    OPERATIVE FACTS

24. At all times relevant hereto, Plaintiffs and their family live at 38 Erna Court, Upper Darby, Pennsylvania, 19082. They are law-abiding citizens with no criminal records.

25. At approximately 10:30 p.m. on Wednesday, April 3, 2024, the Defendant Police Officers arrived at Plaintiffs' home without a warrant looking for *a man with a knife*.

26. When the Defendant Police Officers exited their vehicles, they shined their high-intensity flashlights into the rear windows of Plaintiffs' residence which caused Plaintiff Shahin Alam to wake up from his sleep and walk to the kitchen window to see why these lights were being shined into his home.

27. When the Defendant Police Officers saw Plaintiff Alam at the kitchen window looking outside, they then pointed their police-issued guns at him and told him to raise his hands so they could see them and that if he moved, they would shoot him.

28. Mr. Alam was reasonably in imminent fear for his life as a result of the Defendants' conduct and threats.

29. At no time did the Defendant Police Officers at the scene inform Plaintiff Alam that they were looking for *a man with a knife* inside his home despite his demand for why they were pointing their guns at him.

30. There was no male at Plaintiffs' home with a knife and no one from Plaintiffs' home made a 9-1-1 emergency call to Upper Darby Township or Melbourne Borough Police Departments complaining about a man with a knife in their home.

31. When Plaintiff Jahan awoke, she left her bedroom and witnessed her husband, Shahin Alam, standing behind the window with his hands in the air and police lights shining on him from just outside the house. The Defendant Officers had guns drawn on her husband while shouting orders for him not to move or they would shoot him.

32. Plaintiff Jahan was understandably fearful about the lives of herself, her husband, and children during this interaction with police.

33. The Police Officer Defendants then broke open Plaintiff's outside metal screen door and knocked through the inside front door to the home with a battering ram which further terrorized Plaintiff and her family.

34. At no time did the Defendant Police Officer knock or announce or inform Plaintiff and/or her husband why they were at their home or who they were looking for.

35. These Defendant Police Officers then invaded Plaintiffs' home with guns drawn and pointed at Plaintiff Jahan looking for *a man with a knife*. No one, however, was in Plaintiffs' home with a knife.

36. During this home invasion, the Defendant Police Officers pointed their guns at the faces of the Plaintiffs threatening to shoot them if they moved. During this time Plaintiffs reasonably continued to be in fear for their lives and that of their family.

37. The actions of Defendant Police Officers were overly excessive and an aggressive use of force against the Plaintiffs and violated accepted and standard police practices.

38. The Individual Defendant Police Officers then proceeded to question Plaintiff Jahan and her husband while they searched their entire home. They asked Plaintiff, a woman, if she had a knife. She replied that she did not.

39. Plaintiffs continued to ask the Defendant Police Officers why they broke down the door to her home without a warrant. The Defendant Officers told her that it was "none of [their] business" and then left the home without making any arrests, seizing any property, or apologizing to Plaintiffs for terrorizing them and damaging their doors.

40. As a direct and proximate cause of the Defendant Police Officers' illegal and warrantless entry into the Plaintiff's home located at 38 Erna Drive, Upper Darby, PA, the Individual Defendant Police Officers caused damage to the Plaintiff's property in the amount of **$6,476.00**. Defendants later accepted responsibility and reimbursed Plaintiff Alam for this structural damage they caused to their home.

41. As a direct and proximate result of the Defendant Police Officers' illegal conduct as described above, Plaintiff Jahan suffered and continues to suffer from Post Traumatic Stress Disorder, Panic Disorder, with symptoms of Depression and Anxiety for which she has been under the care of a psychological counseling professional since the Defendants illegally and forcefully entered her home with guns drawn and pointed at her.

42. As a direct and proximate result of the Defendants' illegal conduct as described above, Plaintiff Jahan was hospitalized for her psychiatric and medical injuries the Defendant Police Officers caused.

43. As a further direct and proximate result of the above, Plaintiff Jahan has or may have suffered a loss of earnings and/or earnings potential.

44. As a direct and proximate result of the acts and failures to act of Defendant Police Officers, Plaintiff Jahan has incurred various other expenses, which may continue for an indefinite period into the future, to her great detriment and loss.

45. As a direct and proximate result of the Defendant Police Officers' illegal conduct as described above, Plaintiff Alam was put in imminent fear of death or serious bodily and suffered severe anxiety and emotional trauma.

46. As a direct and proximate result of the Defendant Police Officers' illegal conduct as described above, Plaintiffs Jain and Raisa were put in imminent fear and suffered severe anxiety and emotional trauma.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—ILLEGAL ENTRY**
**MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA**

v.

**POLICE OFFICERS DEPALLO, DEHORATIUS, BIANCHI, FORD, DICRESCENZA, TERRY, DANIELS, SHARO, CONNELL, DOCKERY, AND JOHN DOE OFFICERS NOS. 1-3**

47. All preceding paragraphs are incorporated by reference as though fully set forth herein.

48. The Police Officer Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 illegally entered Plaintiffs' home without knocking or announcing and without a warrant in their capacity as law enforcement officers.

49. At that time, Defendant Police Officers Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, lacked a search or arrest warrant for 38 Erna Drive, Upper Darby, PA, or any of its residents, specifically, Plaintiffs or anyone else living in the duplex home.

50. The above-described acts and failures to act of Police Officer Defendants Police Officers Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and 42 U.S.C. § 1983.

51. The acts and failures to act of Police Officer Defendants Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, were so outrageous, intentional, reckless, and/or recklessly indifferent to Plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Jahan, Alam, Jain and Raisa demand compensatory and punitive damages against Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
**FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE
MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA
V.
POLICE OFFICERS DEPALLO, DEHORATIUS, BIANCHI, FORD,
DICRESCENZA, TERRY, DANIELS, SHARO, CONNELL, DOCKERY, AND
JOHN DOE OFFICERS NOS. 1-3**

52. All preceding paragraphs are incorporated by reference as if fully set forth herein.

53. Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 use of force against Plaintiffs, including but not limited to pointing guns at their faces and placing them in imminent fear of death or severe bodily injury even though they were in fact innocent of any crimes, were unreasonable and excessive.

54. Plaintiffs behaved cooperatively, peaceably, and reasonably under the circumstances throughout this entire incident, and not in any way that would have given Defendants reasonable suspicion to believe they were armed and dangerous.

55. The above-described acts and failures to act of Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and 42 U.S.C. § 1983.

56. The acts and failures to act of Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, were so outrageous malicious, intentional, reckless, and/or

recklessly indifferent to Plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Jahan, Alam, Jain and Raisa demand compensatory and punitive damages against Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**BYSTANDER LIABILITY-FAILURE TO INTERVENE**
**MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA**
**V.**
**POLICE OFFICERS DEPALLO, DEHORATIUS, BIANCHI, FORD, DICRESCENZA, TERRY, DANIELS, SHARO, CONNELL, DOCKERY, AND JOHN DOE OFFICERS NOS. 1-3**

57. All preceding paragraphs are fully incorporated herein by reference.

58. Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 had a constitutional and/or statutory duty to intervene when Plaintiffs home was illegally entered, when they were illegally seized, and/or when excessive force was used against them.

59. Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, were present while Plaintiffs rights were being violated, knew that their rights were being

violated, and had a reasonable opportunity to intervene in the aforementioned violations of their constitutional rights.

60. Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiffs sustaining injuries and harm.

61. The acts and failures to act of Defendants, Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Jahan, Alam, Jain and Raisa demand compensatory and punitive damages against Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

COUNT III – 42 U.S.C. § 1983
CONSPIRACY
MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA
V.
POLICE OFFICERS DEPALLO, DEHORATIUS, BIANCHI, FORD, DICRESCENZA, TERRY,
DANIELS, SHARO, CONNELL, DOCKERY, AND JOHN DOE OFFICERS NOS. 1-3

62. All preceding paragraphs are fully incorporated herein by reference.

63. As demonstrated by their concerted conduct, Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 entered into an agreement or reached a meeting of the minds to not follow accepted police practices that resulted in violations of Plaintiffs' constitutional rights in the ways described above.

64. The actions of Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 were so outrageous, intentional, reckless, or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Jahan, Alam, Jain and Raisa demand compensatory and punitive damages against Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

COUNT IV – 42 U.S.C. § 1983
SUPERVISORY LIABILITY
MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA
V.
Police Officer Stephen Ford

65. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

66. Defendant Police Officer Ford was the highest-ranking employee of the Upper Darby Township Police Department at the scene of the above-described incident.

67. Defendant Police Officer Ford was the supervisor of Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3.

68. Defendant Police Officer Ford was present for the above-described incident and had actual knowledge of the violations of Plaintiffs constitutional rights.

69. Defendant Police Officer Ford directed Defendant Police Officers DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3 to take the actions described above that violated Plaintiffs constitutional rights, participated in said violations, condoned said violations, and/or acquiesced to said violations.

70. The acts and failures to act of Defendant Police Officer Ford were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiffs rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs, Jahan, Alam, Jain and Raisa demand compensatory and punitive damages against Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – 42 U.S.C. § 1983
### *MONELL* CLAIM
### MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA
### V.
### MILLBOURNE BOROUGH

71. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

72. The failure of Millbourne Borough to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers, including Defendant Officer DePallo, regarding the requirements for entering into a private home without a warrant and knocking and announcing, including the need to confirm they are at the correct address before breaking down the front doors and entering without a warrant or knocking and announcing, and subjecting the occupants to excessive force was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of the illegal entry into the Plaintiffs' home.

73. Plaintiffs believe and therefore aver that Defendant Millbourne Borogh has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including Defendant Officer DePallo, who fail to investigate and confirm that its officers had accurate information to respond to a reported domestic call, including but not limited to, checking the proper address of the reported incident.

74. Plaintiffs believe and therefore aver that Defendant Millbourne Borough has adopted and maintained inadequate training for law enforcement officers, including Defendant Officer DePallo, on how to determine the correct address before entering without a warrant or knocking and announcing and then using excessive force and violating the constitutional rights of individuals inside, such as the Plaintiff.

75. Plaintiffs believe and therefore aver that Defendant Millbourne Borough has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers', including Defendant DePallo, use of unconstitutional force and illegal entry on the liberty of individuals not described/named in the domestic call, like Plaintiffs, during the entry into the wrong home without a warrant. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United

States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

76. Plaintiffs believe and therefore aver that Defendant Millbourne Borough has failed to adequately train their law enforcement officers, including Defendant Officer DePallo, in the constitutional limits on the use of force on residents and innocent bystanders during the entry to a home without a warrant and that this failure constituted deliberate indifference to the constitutional rights of its citizens and was the proximate cause of the injuries to the Plaintiff.

77. Plaintiffs believe and therefore aver that Defendant Millbourne Borough has systematically failed to discipline law enforcement officers, including Defendant DePallo, for unconstitutionally using excessive force on and restraining the liberty of residents and innocent bystanders, including individuals not described/named in in the 911 domestic call, like Plaintiffs, during the entry into a private residence. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

78. Plaintiffs believe and therefore aver that Defendant Millbourne Borough has been deliberately indifferent to the rights of its residents to be free from its police officers illegally entering their homes, using excessive force and

unlawful detention, and said indifference violates Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

79. Plaintiffs believe and therefore aver that Defendant Millbourne Borough was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including Defendant DePallo, failed to effectively train its law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiffs.

80. Plaintiffs believe and therefore aver that Defendant Millbourne Borough knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of the Millbourne Police Department, including Defendant Officer DePallo, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a. Failure to provide adequate training, supervision, and discipline to officers regarding confirming they are at the correct home before entering a residence without a warrant;

   b. Failure to provide adequate training, supervision, and discipline to officers regarding properly identifying the residents of the premises before and during the entry without a warrant;

c.  Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances whether the 911 Dispatch clearly provides the correct address of a domestic dispute 9-1-1 call;

d.  Failure to provide adequate training, and discipline its officers regarding how to properly knock and announce and restrain persons while entering the wrong home without a warrant on a domestic dispute 9-1-1 call;

e.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons other than the individual they are looking for;

f.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

g.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Millbourne Borough  Police Department;

h.  Failure to prevent Plaintiffs from being injured and violating Plaintiffs constitutional rights by members of the Millbourne Borough Police Department where Defendant knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in its department;

i.  Failure to restrain the use of excessive force by members of its law enforcement agency;

j.  Failure to properly test, train, and/or select its officers with regards to proper use of force; and

k.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

81. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant Milbourne Borough were the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs Jahan, Alam Jain and Raisa demand compensatory damages against Defendant Millbourne Borough in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – 42 U.S.C. § 1983
*MONELL* CLAIM
MST RUSHTAN JAHAN, SHAHIN ALAM, ARIYAN JAIN AND AYRA RAISA
V.
UPPER DARBY TOWNSHIP

82. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

83. The failure of Upper Darby Township to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers, including Defendant Police Officers  DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, regarding the requirements for entering into a private home without a warrant and knocking and announcing, including the need to confirm they are at the correct address before breaking down the front doors and entering without a warrant or knocking and announcing, and subjecting the occupants to excessive force was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of the illegal entry into the Plaintiffs' home. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including

the Upper Darby Police Officer Defendants DePallo, DeHoratius, Bianchi, Ford, DiCrescenza, Terry, Daniels, Sharp, Connell, Dockery and/or John Doe 1-3, failing to investigate and confirm that they had accurate information to respond to a reported domestic call, including but not limited to, checking the proper address of the reported incident.

84. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has adopted and maintained inadequate training for law enforcement officers, including the Upper Darby Police Officer Defendants on how to determine the correct address before entering without a warrant and violating the constitutional rights of individuals inside, such as the Plaintiffs.

85. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the Upper Darby Police Officer Defendants use of unconstitutional force and illegal restraint on the liberty of individuals not described/named in the domestic call, like Plaintiffs, during the entry into the wrong home without a warrant. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

86. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has failed to adequately train their law enforcement officers in the

constitutional limits on the use of force on residents and innocent bystanders during the entry to a home without a warrant and that this failure constituted deliberate indifference to the constitutional rights of its citizens and was the proximate cause of the injuries to the Plaintiffs.

87. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has systematically failed to discipline law enforcement officers, including the Upper Darby Police Officer Defendants for unconstitutionally using excessive force on and restraining the liberty of residents and innocent bystanders, including individuals not described/named in in the 911 domestic call, like Plaintiffs, during the entry into a private residence. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

88. Plaintiffs believe and therefore aver that Defendant Upper Darby Township has been deliberately indifferent to the rights of its residents to be free from its police officers illegally entering their homes, using excessive force and unlawful detention, and said indifference violates Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

89. Plaintiffs believe and therefore aver that Defendant Upper Darby Township was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers,

including the Upper Darby Police Officer Defendants failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiffs.

90. Plaintiffs believe and therefore aver that Defendant Upper Darby Township knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officers of the Upper Darby Police Department, including the Upper Darby Police Officer Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a. Failure to provide adequate training, supervision, and discipline to officers regarding confirming they are at the correct home before entering a residence without a warrant;

   b. Failure to provide adequate training, supervision, and discipline to officers regarding properly identifying the residents of the premises before and during the entry without a warrant;

   c. Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances whether the 911 Dispatch clearly provides the correct address of a domestic dispute 9-1-1 call;

   d. Failure to provide adequate training, and discipline its officers regarding how to properly knock and announce and restrain persons while entering the wrong home without a warrant on a domestic dispute 9-1-1 call;

e.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons other than the individual they are looking for;

f.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

g.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Upper Darby Township Police Department;

h.  Failure to prevent Plaintiffs from being injured and violating Plaintiffs constitutional rights by members of the Upper Darby Township Police Department where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in its department;

i.  Failure to restrain the use of excessive force by members of its law enforcement agency;

j.  Failure to properly test, train, and/or select its officers with regards to proper use of force; and

k.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

91. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant Upper Darby Township were the proximate cause of the Plaintiffs' injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Jahan, Alam, Jain and Raisa demands compensatory damages against Defendant Upper Darby Township in an amount sufficient to fully and adequately compensate Plaintiffs, plus interest, costs, attorney's fees, and all other appropriate relief.

By:

       Alan Denenberg, Esquire
       ABRAMSON & DENENBERG, PC
       1315 Walnut Street, Ste. 500
       Philadelphia, PA 19102
       Phone: 215-546-1345
       Email: adenenberg@adlawfirm.com
       ATTORNEY FOR PLAINTIFFS


By: _Richard Stutman_

       Richard Stutman, Esquire
       ABRAMSON & DENENBERG, PC
       1315 Walnut Street, Ste. 500
       Philadelphia, PA 19102
       Phone: 215-546-1345
       Email: rstutman@adlawfirm.com
       ATTORNEY FOR PLAINTIFFS


Date: April 2, 2026